ROBERT B. ROBINSON, PETER ROBINSON and ZADOC MILBY,

*vs.*

PETER R. BURTON and JOHN H. BURTON.

*Sussex, March T.* 1863.

Goods bequeathed in trust came to the hands of the administrator c. t. a. who filed an inventory and appraisement of them and charged himself with their value in an administration account. *Held,* that they were not thereby converted, so as to be subjected to execution for the administrator's debts.

An injunction, granted on petition, being dissolved for want of a bill filed at the ensuing term, an action at law was brought on the injunction bond, and judgment taken subject to an agreement of counsel that it should await the result of the chancery suit, a bill then having been filed. Upon a final decree sustaining the bill, further proceeding under the judgment on the injunction bond was restrained.

This bill was filed under the following circumstances:

Polly Burton, by her last will and testament, devised her real and personal estate, after the payment of her debts and funeral expenses, to Henry Burton, in trust for the separate use of Sally Burton, wife of John H. Burton, one of the defendants. The personal property came into the hands of John H. Burton, as the administrator c. t. a. of Polly Burton, deceased. He filed before the Register of Wills an inventory and appraisement of the personal estate, which consisted mainly of goods in specie, and passed an account charging himself with the amount of the appraisement, and being allowed, as a credit, $38.40 for funeral expenses paid by him. Afterward the goods were taken in execution as the property of John H. Burton, under a judgment against him at the suit of Peter R. Burton one of the defendants. Henry Burton, named as trustee in the will, being absent

from the country and there being no acceptance of the trust, Robert B. Robinson was appointed trustee by the Chancellor; and in October 1859, he obtained by petition an injunction to restrain Peter R. Burton from selling the goods in question under his execution against John H. Burton. No bill being filed by Robinson, the trustee, at the ensuing term, the injunction was dissolved for want of prosecution; and, thereupon, Peter R. Burton, whose execution had been enjoined, brought an action at law upon the injunction bond against Robinson, as the principal, and the other complainants in this suit as his sureties. Pending the action on the injunction bond, in October 1861, Robinson, the trustee, together with his sureties in the injunction bond, filed this bill, setting forth the premises, and praying that Peter R. Burton should be perpetually enjoined from process against the goods under his judgment against John H. Burton, and that the goods might be delivered to the complainant, Robinson, to hold subject to the trusts of the will of Polly Burton, deceased; also praying that the action at law upon the injunction bond might be stayed until a final decree in this cause.

The defence mainly relied on by the answers was, that the filing of an inventory and appraisement of the goods by John H. Burton, as administrator, and his charging himself with their value in his administration account, was a conversion of them, and subjected them to execution for his debts, the remedy of the trustee being upon John H. Burton's administration bond. The answers also insisted that the dissolution of the injunction, for a failure of the complainant, Robinson, to file his bill at the term after it issued, was an absolute breach of the injunction bond; and that a suit upon the bond could not be enjoined upon a bill afterward filed.

No preliminary injunction was issued to stay the action

upon the injunction bond, but the same was prosecuted to judgment, subject to a written agreement of counsel that the judgment should "in all things await the final decree of the Chancellor in the case pending in the Court of Chancery, and that no proceeding should be had or taken upon the judgment until a decree should be made by the Chancellor."

The cause came before the Chancellor, at the March T. 1863, for argument upon the bill, answers, exhibits and depositions.

*A. R. Wootten* and *A. P. Robinson*, for the complainants.

*J. H. Paynter* and *C. M. Cullen*, for the defendants.

Harrington, Chancellor.—The property which was originally in contest between Robert B. Robinson, as trustee for Sally Burton, and Peter R. Burton, a creditor of her husband, was trust property for the most part in specie, never having been converted. It was made subject, to be sure, to the payment of debts and funeral expenses ; and for that purpose it was in the power of Polly Burton's administrator, and liable, on conversion, to be divested of the trust ; but, except for about $38, it was not needed for debts or funeral charges, and was in fact never converted. The filing an inventory and appraisement and passing an account by the administrator was not a conversion of the property. The identical articles still remained and were followed by the trust. In this condition they were seized by Peter R. Burton, on execution, as the property of the administrator and for the payment of his debts. Sally Burton's trustee obtained an injunction by petition, and the other complainants became sureties in an injunction bond, with condition to pay the execution, or so much as the Chancellor should decree, and to perform the decree. The

injunction was dissolved for want of diligent prosecution, no bill having been filed. A suit was brought at law against these complainants on the injunction bond ; and judgment was recovered on a written agreement of counsel that the judgment should in all things await the final decree of the Chancellor in the case now pending in the Court of Chancery, and that no proceedings should be had or taken upon said judgment until such decree is made by the Chancellor.

Without this agreement the Chancellor would not interfere with the proceedings at law, which were regularly had upon a forfeited bond, pending which the original complaint was regularly proceeding in this Court by bill and answer. But, the judgment at law having been taken subject to the final decree here, is no obstacle to the proceeding in this cause on its original equities; and, the trust being established and the trust property ascertained, I have no difficulty in deciding that it was not subject to the debts of John H. Burton, nor liable to be seized on the execution of Peter R. Burton.

Let a decree be entered, perpetually enjoining the defendant, Peter R. Burton, from further process against the goods in controversy, and ordering that John H. Burton deliver the goods to the complainant, Robinson, as trustee under Polly Burton's will, upon the payment to John H. Burton of $38, due him as administrator. Also, let Peter R. Burton be perpetually enjoined from execution upon the judgment recovered at law upon the injunction bond.

Decree affirmed by the Court of Errors and Appeals at the June Term 1865. See 3 *Houston's Del. Rep.* 154.